UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-80061-CV-HURLEY/HOPKINS

LaBOVICK and LaBOVICK, P.A.,

    **Plaintiff,**

v.

AUDRA J. SIMOVITCH, et al.,

    **Defendants.**

_____/

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

**THIS CAUSE** comes before the court upon defendants' Motion to Dismiss Counts I and II[1] of the Complaint [DE # 12]. Plaintiff filed a response [DE # 13] on March 2, 2012, and defendant filed no reply. The motion is ripe for adjudication.

### JURISDICTION

Although it is not stated in the "Jurisdiction" section of the complaint, the court is able to discern that the court's subject matter jurisdiction over this action is predicated on 28 U.S.C.A. § 1331 and the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C.A. § 1030. The court has personal jurisdiction over each defendant and venue is proper in this court because each defendant resides in this district.

### BACKGROUND

Plaintiff is a law firm of which defendants were formerly a part. This action arises out of defendants' alleged copying and deletion of client files on plaintiff's computers and alteration of

---

[1] The Complaint has only two counts, so Defendants' motion seeks to dismiss the entire Complaint.

access passwords prior to their departure to create an independent law firm.  Plaintiff contends that these actions constitute violations of the CFAA, for which a civil remedy is authorized under § 1030(g).  Defendants respond with the instant motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim and pursuant to the rule against claim splitting.

## DISCUSSION

A motion to dismiss tests the legal sufficiency of a complaint.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  While mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do," on a motion to dismiss a court is obligated to evaluate the complaint "on the assumption that all the allegations in the complaint are true."  *Id.*  A court must grant a motion to dismiss if when presuming true all well-pleaded allegations and resolving all reasonable doubts and inferences in the pleader's favor the court concludes that the allegations fail as a matter of law.  *Id.  See also Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist.,* 992 F.2d 1171, 1174 (11th Cir. 1993).   As described above, plaintiff asserts two grounds for dismissal, each of which the court will address in turn.

    *A.    Impermissible Claim-Splitting*

Defendants contend that the claims asserted in this action are duplicative of claims asserted in the state court action styled *LaBovick and LaBovick, P.A. d/b/a LaBovick Law Group v. Audra Smiovitch* [sic]*, et al.*, Case No. 502012CA001260XXXXMB AI (the "state court action").  Mot. to Dismiss, 7 [DE # 12].  Defendants cite *Greene v. H&R Block Eastern Enterprises, Inc.* for the proposition that "a plaintiff 'may not file duplicative complaints in order to expand their legal rights.'"  727 F. Supp. 2d. 1363, 1367 (S.D. Fla. 2010) (quoting *Curtis v. Citibank*, 226 F.3d 133, 140 (2d Cir. 2000)).  However, in *Greene* both the case then before the court and the earlier-filed

2

case were filed in federal courts, and the court in *Greene* relied on the proposition in *Curtis* that "a district court has authority as part of its inherent power over its docket administration to stay or dismiss a suit that is duplicative of another case then pending *in federal court*." *Id.* (emphasis added). Because defendants cite no additional case law in support of this argument, the court is unpersuaded that it can apply the rule in *Greene* to the instant case, particularly in light of a federal court's "virtually unflagging obligation . . . to exercise the jurisdiction given [it]." *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). In order to accept defendants' argument on this point, the court would require fuller discussion of how the claim-splitting issue relates to the principles of abstention discussed in *Colorado River* and the "full consideration [of] the equities" they require. *Zephyr Aviation III, LLC v. Keytech Ltd.*, No. 8:07-CV-227-T-27TGW, 2008 WL 759095, *2 (M.D. Fla. Mar. 20, 2008).

  **B.** *Failure to State a Claim Under the CFAA*

Defendants also contend that the court should dismiss the complaint for failure to properly plead a cause of action under the CFAA. The CFAA authorizes a civil action at § 1030(g), which states:

> Any person who suffers damage or loss by reason of a violation of this section may maintain a civil action against the violator to obtain compensatory damages and injunctive relief or other equitable relief. A civil action for a violation of this section may be brought only if the conduct involves [one] of the factors set forth in subclauses (I), (II), (III), (IV), or (V) of subsection (c)(4)(A)(i).

18 U.S.C. § 1030(g). Subsection (c)(4)(A)(i)(I),[2] in turn, provides as follows:

  **(c)** The punishment for an offense under subsection (a) or (b) of this section is—

  [. . .]

---

[2] Subclause (I) is the only of the five listed that could apply to the instant case.

> **(4)(A)** except as provided in subparagraphs (E) and (F), a fine under this title, imprisonment for not more than [five] years, or both, in the case of—
>
> > **(i)** an offense under subsection (a)(5)(B) . . . if the offense caused . . .
> >
> > > **(I)** loss to [one] or more persons during any [one]-year period . . . aggregating at least $5,000 in value[.]

*Id.* at § 1030(c)(4)(A)(i)(I). Accordingly, to state a civil cause of action under the CFAA, plaintiff must allege a loss of at least $5,000 during a one-year period.

Plaintiff asserts a claims under §§ 1030(a)(4) and (5) in counts one and two of the complaint, respectively. Dealing first with part (a)(4), the Act provides that "[w]hoever . . . knowingly and with intent to defraud, accesses a protected computer without authorization, or exceeds authorized access, and by means of such conduct furthers the intended fraud and obtains anything of value . . . shall be punished as provided in subsection (c) of this section." Therefore, in addition to the required $5,000 loss in a one-year span, to state a cause of action under part (a)(4), plaintiff must allege (1) knowing access to a (2) protected computer (3) with intent to defraud (4) without or in excess of authorization (5) in furtherance of the intended fraud and resulting in (6) the obtaining of something of value.

Moving on to part (a)(5), the complaint does not specify which subpart of (a)(5) plaintiff makes its claim under. However, each subpart requires at least a protected computer and some activity to be taken "without authorization," the $5,000 loss in a one-year span requirement from § 1030(c)(4)(A)(i)(I). The foregoing analysis would therefore apply to plaintiff's claim under § 1030(a)(5) regardless which subpart plaintiff intended.

In light of the required elements, the court finds that plaintiff's allegations fail in at least three respects. First, plaintiff has not adequately alleged a loss of at least $5,000. The only statement in

the complaint as to the extent of plaintiff's damages is in the jurisdiction section, wherein plaintiff states, "This is an action for damages in excess of $15,000." Compl., ¶ 1 [DE # 1]. This bare recitation of the amount of damages sought does not give any indication that defendants' violations caused losses aggregating at least $5,000, nor does it reflect the limited definition of *loss* under the Act provided at § 1030(e)(11).

Additionally, aside from references to "'protected computers'" throughout the complaint, plaintiff provides no statement as to why the applicable computers qualify as protected computers under the Act. The Act defines *protected computer* as, inter alia, a computer "used in or affecting interstate or foreign commerce or communication." 18 U.S.C. § 1030(e)(2)(B). Although this is not a particularly high standard, the complete absence of any relevant allegations render the complaint deficient.

Finally, plaintiff's allegations are also deficient with respect to the elements relating to authorization, part (a)(4) requiring that defendants' access at least exceeded their authorization, and part (a)(5) requiring either that defendants' access was without authorization (subparts (B) and (C)) or that defendants caused damage without authorization (subpart (A)). Plaintiff alleges no facts relating to the level of authorization defendants had to the computers at issue other than to recite the statutory elements. Compl., ¶¶ 16, 20. In analyzing these requirements, the court must be mindful of interpretational difficulties other court have encountered. *See generally* Warren Thomas, *Lenity on Me:* LVRC Holdings LLC v. Brekka *Points the Way Toward Definition Authorization and Solving the Split over the Computer Fraud and Abuse Act*, 27 Ga. St. U. L. Rev. 379 (2011). Plaintiff's bare allegations allow for no meaningful analysis except to conclude that they are legally insufficient.

Order Granting Defendants' Motion to Dismiss
LaBovick & LaBovick, P.A. v. Simovitch
Case No. 12-80061-CV-HURLEY/HOPKINS

## CONCLUSION

Based on the foregoing, it is hereby **ORDERED** and **ADJUDGED** that:

1. Defendants' motion [DE # 12] is **GRANTED**.

2. The complaint is **DISMISSED WITHOUT PREJUDICE** to file an amended complaint within **TWENTY (20) DAYS** of the date of this Order.

**DONE** and **SIGNED** in Chambers at West Palm Beach, Florida, this 19th day of March, 2012.

_____
Daniel T. K. Hurley
United States District Judge

*Copies provided to counsel of record*